NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


TERENCE IGNACIO,

    Plaintiff - Appellant,

  v.

COUNTY OF HAWAII POLICE
DEPARTMENT; DOE DEFENDANT 1-
100; HARRY S. KUBOJIRI,

    Defendants - Appellees.

No. 13-15818

Civ. No. 11-0516 SOM

MEMORANDUM[*]


Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Argued and Submitted October 7, 2014
Honolulu, Hawaii


Before:  TASHIMA, RAWLINSON, and CLIFTON, Circuit Judges.

  Plaintiff Terence Ignacio appeals the district court's entry of summary

judgment in favor of defendants on his state law and § 1983 claims related to his

termination from probationary employment as a police officer.  We affirm.

---

    [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The district court did not err in dismissing Ignacio's state law claims. Haw. Rev. Stat. § 89-14 vests in the Hawaii Labor Relations Board exclusive original jurisdiction over claims alleging prohibited practices under a collective bargaining agreement (CBA). *See Hawaii State Teachers Ass'n v. Abercrombie*, 271 P.3d 613, 617 (Haw. 2012). Each of Ignacio's state law claims alleges a CBA violation and Ignacio concededly did not file a complaint before the Board. Therefore, Ignacio's state law claims remain under the Board's exclusive, primary jurisdiction. Ignacio has not attempted to exhaust his administrative remedy.

**2.** The district court also did not err in denying Ignacio's procedural due process claim brought under 42 U.S.C. § 1983. An at-will probationary employee does not possess a due process property entitlement to continued employment. *See Bollow v. Fed. Reserve Bank of S.F.*, 650 F.2d 1093, 1098 (9th Cir. 1981); *see also Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577-78 (1972). Ignacio does not dispute that he was a probationary employee at the time of his termination. Accordingly, Ignacio lacked a protectible interest that could give rise to a constitutional due process deprivation. Because Ignacio's claim fails for lack of a cognizable interest, we need not consider whether the circumstances of his termination constituted an impermissible deprivation.

Because Ignacio's claims fail, we need not address whether the defendants

were entitled to immunity under Hawaii or federal law.

**AFFIRMED.**